# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JAMES JEROME PERRY, | |
| Plaintiff, | NO. 5:10-CV-124 (MTT) |
| VS. | |
| GENE POPE, *et al.*, | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Sheriff Gene Pope, Major Sandra Thurston, Sgt. King, Sgt. Constance Gibson, Sgt. Donna Bentley, Lt. Cato, Officer Shalinda Henderson, Officer Evette Jester-Weaver, Officer Nelson, Officer Barbara Taylor, Officer Jerry James, Officer "Sister Cate," Officer "Joshua," Officer "Dyer," Officer Smith, and Officer Dupre (Jail Defendants) alleging, among other things, that Plaintiff James Jerome Perry has failed to state a claim for which relief can be granted. Doc. 22. For the following reasons, **IT IS RECOMMENDED** that this Motion to Dismiss be **GRANTED** in part and **DENIED** in part.

## PROCEDURAL HISTORY

Plaintiff, who at all times relevant to this action was confined in the Butts County Detention Center, filed the instant action on March 29, 2010. Doc. 1. After an initial review of his fifty-eight page Complaint, Plaintiff was ordered to recast using the appropriate forms along with no more than fifteen additional pages. Doc. 6. On June 25, 2010, Plaintiff filed a Recast Complaint. Doc. 7. Thereafter, service of process was ordered. Doc. 11. Nurse Brenda, Nurse Cook, Linda Faulkner, and Marilyn Loud (Medical Defendants) filed an Answer (Doc. 20), and the Jail Defendants moved for dismissal.

## FACTUAL BACKGROUND

In his Recast Complaint, Plaintiff alleges claims of deliberate indifference to his serious medical needs on the part of the Medical Defendants and claims of retaliation on the part of the Jail Defendants. As it is the Jail Defendants's Motion to Dismiss that is presently under review, only those claims against them need be discussed.

According to Plaintiff, during four separate periods of confinement at the Butts County Detention Center, occurring from December, 2007 to February, 2010, the Jail Defendants repeatedly violated his constitutional rights in retaliation for his filing grievances. More specifically, Plaintiff alleges that:

1. Defendants Pope and Thurston "appropriated, manipulated, and defrauded [him] out of money in his inmate account for [their] own personal use to benefit the Butts County Jail." Doc.7, p.10.

2. Defendants Pope, Thurston, Blount, Cato, King, Gibson, Bently, Watson-Taylor, Henderson, Jester-Weaver, Nelson, James, Cate, Taylor, Joshua, Smith, Jackson, Dupre, and Dyer withheld, confiscated, and/or took his legal and personal mail. Id.

3. Defendants Pope, Thurston, Blount, and King moved him to a dangerous area of the jail with the intention of getting him hurt or killed. Id.

4. Defendants Nelson, Cato, Jackson, Blount, King, Dyer, and Smith conspired with Medical Defendants Cook, Loud, and Brenda to deprive him of a coat, an extra blanket, clean linens, exercise outside of his cell, phone calls, and the ability to shave. Id. at p.11.

Based on this alleged conduct, Plaintiff seeks declaratory relief as well as compensatory and punitive damages.

## DISCUSSION

As indicated above, the Jail Defendants responded by filing a Motion to Dismiss arguing that Plaintiff failed to state a claim upon which relief can be granted. They maintain that, because Plaintiff's claims against them seek money damages but do not include allegations of physical

injury, they do not satisfy the requirements of the Prison Litigation Reform Act (PLRA) 42 U.S.C. § 1997e and must, therefore, be dismissed.

In pertinent part, the PLRA provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. In this Circuit, this statutory language has been interpreted to mean that, in the absence of physical injury, prisoner claims seeking compensatory or punitive damages are precluded. See Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011). Pursuant to this interpretation, and in light of the fact that Plaintiff has failed allege physical injury, his claims seeking compensatory and punitive damages must be **DISMISSED**.

In addition to asking for compensatory and punitive damages, and as was noted above, Plaintiff has demanded declaratory relief. Unlike requests for compensatory and punitive damages, the PLRA does not preclude suits for declaratory relief even in the absence of physical injury. Id. at 1196 (internal citations omitted). Consequently, and to this limited extent, the Jail Defendants Motion to Dismiss should be **DENIED** and Plaintiff's claims seeking declaratory relief allowed to proceed.

## CONCLUSION

In accordance with the above, **IT IS RECOMMENDED** that the instant Motion to Dismiss be **GRANTED** in part, and **DENIED** in part. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of July, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge