IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES JEROME PERRY, | : |
| Plaintiff, | : |
| | : NO. 5:10-CV-124 (MTT) |
| VS. | : |
| GENE POPE, *et al.*, | : |
| | : Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is an unopposed Motion for Summary Judgment filed by Defendants Marilyn Lloyd, RN, Sandra Cook, LPN, Brenda DeLaune, LPN, and Linda Faulkner, FNP-C. Doc. 41. For the following reasons, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

## PROCEDURAL HISTORY

Plaintiff James Jerome Perry filed this 42 U.S.C. §1983 action alleging that the Defendants conspired, retaliated, and discriminated against him and were deliberately indifferent to his serious medical needs.

On July 23, 2011, after the close of discovery, Defendants filed the instant Motion for Summary Judgment along with several affidavits and other documents. The Court directed Plaintiff to file a response within twenty-one days. Doc. 42. Soon afterwards, Plaintiff asked for an extension of time to file a response. The Court granted Plaintiff's request and allowed him until November 9, 2011 to file a response. Doc. 50. To date, no response has been filed. Consequently, it appears that Plaintiff has abandoned his claims. Nevertheless, before entering summary judgment

for the Defendants, the Court must ensure that summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure.

## LEGAL STANDARDS

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The movant bears the burden of establishing the absence of a dispute over a material fact. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir.1993). The evidence and factual inferences from the evidence are viewed favorably to the party opposing summary judgment. Reynolds, 989 F.2d at 469.

The moving party must meet its burden even if the non-moving party fails to respond to a motion for summary judgment. Courts "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits of an unopposed motion for summary judgment, a court

> need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

Id. at 1101-02. In other words, the court cannot simply accept the facts stated in a moving party's statement of material facts as true, but must review the movant's citations to the record and confirm there are no genuine issues of material fact. Id. at 1103 n. 6. Pursuant to Rule 56(c), the court "need consider only the cited materials, but it may also consider other materials in the record."

DISCUSSION

Because Plaintiff has failed to file any response in opposition to the Defendants' Motion for Summary Judgment, the Court accepts as accurate and relies upon the assertions of fact contained within the Defendant's affidavits and other evidence submitted in support of their motion. The Court must nevertheless view this evidence and all factual inferences drawn therefrom in the light most favorable to the Plaintiff.

In this case, Plaintiff alleges the following claims:

1. From December 3, 2007 through May 7, 2008, Defendants Lloyd, Cook, and Faulkner were deliberately indifferent to the his serious medical needs. Doc. 7, ¶ 15 and ¶ 26.

2. Defendants Lloyd and Cook retaliated against him by sending a "sabotaged" report to Prudential Disability Management, in an effort to "stop Plaintiff's disability check." Doc. 7, ¶ 19.

3. From July 3, 2008 through July 15, 2008, Defendants Lloyd, Cook, and DeLaune "conspired" with other Defendants to "deprive Plaintiff of equal protection of the law, discrimination, retaliation, and due process, when they refused Plaintiff a coat, blanket, clean wash cloth and towels, clean sheets, exercise outside of his cell, and the ability to shave." Doc. 7, ¶ 20.

4. In February 2010, the Defendants Lloyd, Cook, and DeLaune subjected him "to unequal protection of the law, discrimination, racial discrimination, conspiracy and retaliation" by failing to provide him with sheets, towels, wash cloths, out of cell exercise, and access to books. Doc. 7, ¶ 23.

Based on these claims, Plaintiff demands declaratory relief as well as compensatory and punitive damages. For the sake of clarity, Plaintiff's claims will be addressed separately.

Deliberate Indifference to Plaintiff's Serious Medical Needs

Plaintiff has failed to create a genuine issue of material fact with regard to his claim alleging deliberate indifference to his medical needs. Deliberate indifference to an inmate's serious medical needs is prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97,103-04 (1976). To state a viable claim of medical deliberate indifference, a plaintiff must show (1) "an objectively

serious medical need" and (2) a defendant's subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003). As such, allegations of mere negligence or even medical malpractice will not suffice. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). Moreover, so long as the provided medical treatment is "minimally adequate," an inmate's preference for more or different treatment will not give rise to a Constitutional violation. See Harris v. Thigpen, 941 F .2d 1495, 1505 (11th Cir . 1991). Stated another way, absent evidence of 1) an outright refusal to provide necessary medical care; 2) a deliberate delay in the provision of necessary treatment; 3) the administration of "grossly inadequate care;" or, 4) "medical care which is so cursory as to amount to no treatment at all," an inmate's claim of medical deliberate will not succeed even where an objectively serious medical need and a defendant's subjective knowledge thereof has been established. McElligott, 182 F.3d at 1255 (citations omitted).

In this case, Plaintiff's alleged medical need consists primarily of his complaints about knee and back pain stemming from an automobile accident that he was involved in prior to being incarcerated. Specifically, Plaintiff alleges that, from December 3, 2007 through May 7, 2008, Defendants Lloyd, Cook, and Faulkner repeatedly refused to provide him with certain prescribed medications needed to treat his condition.

Even if the Court were to assume that these allegations sufficiently established one or more objectively serious medical needs and the Defendants' subjective awareness thereof, the medical evidence in the record of this case does not support Plaintiff assertion that the Defendants disregarded those needs. In fact, Plaintiff's undisputed medical records indicate that he was promptly and routinely seen, examined, and provided with constitutionally adequate medical attention and treatment including diagnostic tests, various prescription medications, and a knee

brace. Thus, even taken in the light most favorable to Plaintiff, the undisputed facts are simply not sufficient to permit a reasonable jury to find that Defendants Lloyd, Cook, or Faulkner exhibited deliberate indifference. Accordingly, Plaintiff's deliberate indifference claim is without merit and must fail.

<u>Retaliation - Prudential Disability Management Report</u>

Plaintiff's next claim alleges retaliation by Defendants Lloyd and Cook. According to Plaintiff, in retaliation for his filing grievances about the jail's medical department, Defendants Lloyd and Cook sent a sabotaged report to Prudential Disability Management in an effort to cause his disability benefits to be discontinued. To state a First Amendment retaliation claim under §1983, a prisoner must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on the speech. <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11th Cir.2008). The evidence before the Court does not indicate that the Defendants engaged in any retaliatory conduct or that there was any connection between their actions and Plaintiff's constitutionally protected speech. As such, there are no genuine issues of material fact requiring resolution at trial.

The evidence shows that on or about April 8, 2008, Defendant Cook received a letter from Prudential Disability Management requesting Plaintiff's medical records, including progress notes and medications. Doc .41-1, p.54; Cook Affid.¶ 10, Doc. 41-2, p.6. Attached to the letter was an authorization signed by the Plaintiff permitting the release of these records. Doc .41-1, p.55. According to her affidavit, upon receipt of these documents, Defendant Cook promptly responded by faxing Prudential Disability Management a copy of Plaintiff's medical records. Cook Affid.¶ 10. In addition, Defendant Cook maintains that she did not provide any false or additional

information to Prudential Disability Management. Id.. Moreover, Cook states that, at the time of this correspondence, she was unaware that Plaintiff had filed any grievances involving the Medical Department. Id. Nothing in the evidence indicates that Defendant Lloyd participated in any way in the receipt of or response to Prudential Disability Management's request for Plaintiff's medical records. In the absence any other evidence to the contrary, Plaintiff's retaliation claim is unsupported and Defendants are entitled to judgment as a matter of law.

<u>Claims Involving the Provision of Various Personal Items</u>

In his third and fourth enumerated claims, Plaintiff alleges that, from July 3, 2008 through July 15, 2008, and again during February 2010, Defendants Lloyd, Cook, and DeLaune conspired to discriminate, retaliate, violate his right to due process, and deprive him of equal protection of the law by refusing to provide him with a coat, a blanket, clean washcloths, clean towels, clean sheets, exercise outside of his cell, access to books, and the ability to shave. The evidence is insufficient to establish genuine issues of material fact with regard to these claims.

In addition to Plaintiff's medical records and the affidavit of Defendant Cook, Defendants have submitted the affidavits of Marilyn Lloyd, Brenda DeLaune, and Linda Faulkner. In their affidavits the Defendants have testified that, as medical providers, they have no role in providing inmates with personal items such as sheets, coats, blankets, washcloths, or towels or in allowing inmates to exercise outside of the cell or to have access to books. The Defendants' testimony goes on to note that the decision to provide any such articles or privileges falls within the discretion of Jail Administrators or Security Personnel.

In the absence of any evidence that Defendants Lloyd, Cook, and DeLaune had any authority to deprive Plaintiff of the above listed items or privileges, his allegations of conspiracy, discrimination, retaliation, violations of his right to due process, and deprivations of his right to

equal protection do not demonstrate any genuine issues of material fact and, as a result, Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the instant Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 18th day of November, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge